Wilson v. Jasper.

CASE 35—PETITION EQUITY—MAY 20.

# Wilson v. Jasper.

APPEAL FROM PULASKI CIRCUIT COURT.

A MISTAKE IN A DEED as to the boundary of the land may be corrected, even as against a subsequent purchaser, provided he had notice of the mistake when he purchased.

A surveyor appointed to divide a tract of land into two parcels, preparatory to its sale under decree of court, made a mistake in reporting the dividing line. The court adopted the dividing line thus reported, and the deeds to the purchasers of the respective parcels followed the report and plat of the surveyor. The land was, in fact, sold according to the dividing li- e as actually run by the surveyor, and the purchasers were not, for some time, aware of the mistake in the surveyor's report and commissioner's deeds. One of the purchasers now seeks to have the mistake corrected. *Held*—That although the present owner of the other parcel was not the original purchaser, yet, as he accepted a transfer of the purchaser's bid with the understanding that he was purchasing according to the dividing line actually run by the surveyor, the mistake in the deed may be corrected, although the deed was made to him in accordance with the judgment of the court.

O. H. WADDLE FOR APPELLANT.

As the deed, when corrected, will give to each party all the land he thought he was buying, or expected to get, appellee can not defeat the correction of the mistake upon the ground that there was "no privity of contract."

W. A. MORROW FOR APPELLEE.

1. To entitle one to relief on account of fraud or mistake, the fraud or mistake complained of must have been committed by the defendant or his agent.

The mistake complained of in this case was that of the commissioner who divided the land, and, as appellee was not a party to it, it can not be corrected to his prejudice.

2. Appellant did not purchase at commissioner's sale, and is, therefore, not entitled to the same remedies as a purchaser at the sale.

But even the purchaser at judicial sale is not entitled to relief on account of mistake. (Upham v. Hamill, 11 R. I., 565; 23 Am. Rep., 525; 1 Story's Eq. Jur., secs. 105, 146; Penny v. Martin, 4 John. Ch'y,

566; Wood v. Patterson, 4 Md. Ch'y, 335; Taylor v. Fleet, 4 Barb., 95; Capehart v. Whoon, 5 Jones' Eq., 178; Kester v. Zimmerschitte, 1 Tex., 50.)

*Caveat emptor* is the rule of such sales. (Freeman on Executions, sec. 301; Rorer on Judicial Sales, 251; England v. Clark, 4 Scam., 486; Freeman v. Caldwell, 10 Watts, 9; Miller v. Winton, 1 Sneed, 524; Lang v. Waring, 25 Ala., 625.)

The only ground for relief in equity is fraud or misconduct on the part of the officer conducting the sale, or misapprehension caused by those interested in the sale. (Bartholomew v. Warner, 32 Conn., 98; Laight v. Pell, 1 Edw. Ch'y, 577; Lefevre v. Laraway, 22 Barb., 167; Veeder v. Fonda, 3 Paige, 94; First National Bank v. Conger, 37 Iowa, 474; Strong v. Calten, 1 Wis., 471; Gorden v. Saunders, 2 McChord Ch'y, 151.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for the value of some trees, cut, as is alleged, on appellee's land, and made into staves. The appellant admitted cutting the trees on the particular piece of land mentioned, but denied that the appellee was the owner of said land, although the boundaries of his deed embraced said land. He alleged that said land belonged to him, and the boundaries contained in the appellee's deed, in so far as they embraced said land, was a mistake, and he asked that the mistake be corrected. The lower court refused to correct the mistake, and gave judgment for the appellant.

The following facts are alleged in the appellant's answer, and are not denied:

That Delilah Wilson owned three hundred and fifty-five acres of land; that the same, in an action by her administrator to settle her estate, was divided into two parcels; that the division was made by the surveyor of the county, who ran the dividing line from point 21, south 19, east 70 poles, to a rock corner; that the

said line was also plainly marked; that in making out his plat he, by mistake, entered said line as running from point 21, south 29, west 80 poles, to a rock; that there is no rock corner or marked line on this route; that the court adopted the dividing line as thus reported, and the deed to the purchasers of the respective parcels recited the division line as thus reported. But the said parcels were, in fact, sold according to the dividing line as actually run by the surveyor, to wit: Running from point 21, south 19, east 70 poles, to a rock, and the purchaser of each parcel purchased it according to this division line; that the appellee, who was a transferee of the purchaser's bid at the commissioner's sale, and to whom the commissioner made a deed, knew that said land was sold according to the division line as actually made by the surveyor, and he took possession of said land, and held and claimed it to said line until a short time before he brought this suit; that the appellant took the possession of the parcel purchased for him, and held and claimed it to said division line until after this suit was brought; that neither appellant nor appellee knew that his deed, as to said dividing line, was not in accordance with the said line as actually run, but each believed that his deed was in accordance therewith; that the trees were cut on the appellant's side of said land. He asks the court to correct the mistake in the deed, and establish said line as the true one.

The chancellor deemed the foregoing facts insufficient to constitute a defense or to correct the mistake in the deed. It is contended that as the appellee

was not the purchaser at the commissioner's sale, and as the deed was made to him in accordance with the surveyor's plat and judgment of the court, and as the mistake was antecedent thereto, the appellee is not bound to correct the same. As the deed had been made to the appellee in accordance with the reported plat and judgment of court, he, as an innocent purchaser, would not be bound to correct any mistake that the surveyor might have made, and which did not appear in the record. In such case it would be a fraud upon him as an innocent purchaser to compel him to correct a mistake that he knew not of, or of which the record did not furnish information. Also, the original purchaser, under like circumstances, would be protected. Each would have the right to rely upon the reported plat and the judgment of the court adopting the same, and the confirmation of the deed in accordance therewith, as protecting him against antecedent verbal mistakes which were unknown to him. Also, if such mistake was known to the first purchaser and not to his vendee, the latter would not be bound to correct it; but the first purchaser knowing the truth, and knowing that the deed did not represent the truth, would be bound to correct it so as to make it conform to the truth. To deny the right to correct the mistake under such circumstances would be to practice a fraud upon the party injured by it. So, also, to correct the mis-take to the prejudice of an innocent vendee, nothing appearing to put him upon inquiry, would be a fraud upon him ; therefore, the law does not allow it. But if he, at the time he made the purchase, was apprised

of the mistake theretofore committed, he would be as much bound to correct it as was his vendor. If it were otherwise, he would be allowed to practice a fraud simply because he was a second purchaser. If the vendor, being apprised of the existence of the mistake, could convey to a third person, who also was apprised of the existence of the mistake, and thereby enable the latter to defeat the correction of the mistake, fraud would be licensed instead of condemned. In such case fair dealing demands that each party be placed upon the same footing.

The judgment is reversed, and cause remanded, with directions for further proceedings consistent with this opinion.